*December*, 1824.                    Kelly *against* Owen.

1, In a declara-    JUDGE *Minor* delivered the opinion of the Court.
tion in assumpsit,
if the written con-    The 1st and 2d assignments of Error are, that there is no
tract is describ-  sufficient assumpsit laid in the first count of the declaration,
ed, shews defend-  and that judgment was rendered on the declaration gene-
ant's liability, the
super se assump-  rally when the first count was bad.
sit is unnecessa-    The first count sets out, that the defendant, by his written
ry.
2, The words  agreement by him signed, &c. promised to deliver to *McKin-*
payment and set  *ney* and *Owen*, of which firm plaintiff is surviving partner,
off, signed by de-  1700lbs. of good merchantable baled cotton, by the 20th
fendant's attor-
ney, do not  day of *November* then next ensuing ; that defendant, though
amount to a plea,  often requested, had not delivered the cotton, or any part
and plaintiff may
treat them as a  thereof ; by reason of which the plaintiff has sustained da-
nullity.  mages, &c.    It is contended by the Counsel for the plaintiff
3, In assumpsit,
where judgment  in Error, that this count is bad for the want of the " *super*
by default and  *se assumpsit.*"    In the case referred to, to support this posi-
writ of enquiry
to be executed in-  tion, (cited in 1 Bacon's Ab. 277,) when the plaintiff declar-
stanter would be  ed, that in consideration that he would procure J. S. to sur-
proper entry of
verdict, as on a  render a messuage, the defendant would pay £10.    The de-
plea of not guilty  claration was held not good, *super se assumpsit* being omit-
is not Error.
ted, and there being nothing in the declaration *which imports
a promise or contract.*    From the reason assigned, it seems
that the declaration would have been good had it contained
an averment that the plaintiff did procure J. S. to surrender
the messuage ; although it had omitted to repeat, that by
reason of the surrender the defendant became liable to pay,
and promised to pay the £10.    The first and plain princi-
ples of pleading require that the declaration should contain
a statement of all the facts necessary in point of law to sus-
tain the action, *and nothing more.*    That these facts should
be set out with such precision, certainty, and clearness, that
the defendant, knowing what he has to answer, may be able
to plead a distinct and unequivocal plea.    That the Jury may
be enabled to give a complete verdict upon the issue, and
the Court, consistently with the rules of law, may give a

certain and distinct judgment on the premises. (1 Ch. Pl. 248, 255, and the cases there cited.) In this case it seems clear that an averment that the defendant by reason of having failed to deliver the cotton became liable to pay, and being so liable, promised to pay its value, would not have disclosed any other fact than had already been set forth, or have better enabled the defendant to plead, the Jury to find a verdict, or the Court to render judgment. When the declaration has already shewn a contract and legal liability, as it is not necessary to prove, it seems unnecessary and useless to allege a further promise. (See Chitty on Bills, 368.) In the precedents of declarations in assumpsit, on contracts other than for payment of money, as for not delivering goods sold, not delivering a bill of exchange, not performing works, or on policies of insurance, wager, warranty, &c. it is usual to set out the contract and breach of it, without incumbering the Record with a further averment of liability, which is deducible, and implied from the facts already stated. (2 Chitty's Pl. 98, 85, &c. 3 Ch. Pl. 190, 191, &c.)

The 1st count appears to be sufficient, and the 1st and 2d assignments of Error are not sustained.

The 3d assignment is, that the Court ought not to have sustained the motion for judgment for want of a plea.

In the Record, after the declaration are the words "Payment and set off," which appear to have been signed by defendant's Counsel. If these words had by consent been received as pleas and issues taken thereon, we should have regarded them as such.

In the case cited by the Counsel for plaintiff in Error, 5 Term, 152, the defendant, in an action of slander, delivered a plea in which he attempted to justify, but it was not strictly speaking, a justification; it was held, that as the plea went to the substance of the complaint, though not formal and good, it could not be treated as a nullity. In the case before us, in the words inserted in the Record after the declaration, there is no averment denying the plaintiff's right of action, or indeed any averment whatever. They cannot be regarded as pleas, and the plaintiff was not bound to treat them as such. In another case cited by the Counsel for plaintiff in Error, 3 John. R. 541, the Supreme Court of *New-York* says, that where the plea is bad or frivolous the plaintiff may treat it as a nullity, and enter a default; and that a motion for judgment by default is unnecessary. In this State, the judgment by default to authorize execution must be rendered by the Court. It here appears to have been regularly taken.

Kelly
v.
Owen.

The 5th assignment is, that the verdict was rendered as on the plea of not guilty. After the judgment by default, it was necessary that the damages should be enquired of and assessed by a Jury. This has been done. That part of the verdict which finds the defendant " guilty, in manner and form as the plaintiff hath against him complained," could not have had any effect on the judgment of the Circuit Court or the rights of the parties. It was a defect of form which is cured by the Statute of jeofails. The judgment of the Court below must be affirmed. In this opinion the Court are unanimous.